UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM EDWARDS,

    Plaintiff,                                    Hon. Jane M. Beckering

v.                                                     Case No. 1:23-cv-1042

RESTORED HOLDINGS, L.L.C., et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 21). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted.

**BACKGROUND**

Plaintiff initiated this action against: (1) Restored Holdings, LLC; (2) West Michigan Court Services, LLC; (3) Credit-R-Us, Inc.; and (4) Regan Higgs. (ECF No. 1). Plaintiff subsequently amended his complaint foregoing his claims against Credit-R-Us and Regan Higgs. (ECF No. 10). In his amended complaint, Plaintiff alleges that Defendant Restored Holdings violated his rights under the Truth in Lending Act.

-1-

Defendant West Michigan Court Services moved to dismiss Plaintiff's claims. (ECF No. 21). Plaintiff failed to respond to Defendant's motion. Because Defendant's motion relies, in part, on an affidavit outside the pleadings, the Court entered an Order that it would treat Defendant's motion as a motion for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 33). Plaintiff was ordered to, within 28 days, "file any materials and legal argument he wishes the Court to consider in deciding [Defendant's] motion." Plaintiff was further cautioned that "[f]ailure to timely file such material and argument may result in a waiver of the issues addressed in the motion." (*Id.*). Plaintiff failed to respond to the Court's Order. Defendant's motion for summary judgment is ready for decision. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-

moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

## ANALYSIS

In his amended complaint, Plaintiff alleges the following. In 2020, Plaintiff purchased a parcel of real property on land contract from Land Contract Realty, Inc. with Defendant Restored Holdings "holding the contract for deed." In 2023, Defendant Restored Holdings obtained a "Judgment for Possession" regarding the property in question. Plaintiff subsequently paid to Restored Holdings an amount "sufficient to satisfy the judgment." Despite making this payment, Restored Holdings has "failed to provide a Letter of Payoff" as required by the Truth in Lending Act.

Plaintiff makes no allegations in his amended complaint against Defendant West Michigan Court Services. The only cause of action articulated in Plaintiff's amended complaint is for alleged violations of the Truth in Lending Act, specifically violation of the requirement that a "creditor or servicer of a home loan" shall provide to a borrower an accurate payoff balance upon request. 15 U.S.C. § 1639g.[1]

In support of its motion for summary judgment, Defendant West Michigan Court Services (WMCS) has submitted an affidavit executed by its sole member, Regan Higgs. (ECF No. 24-1, PageID.91-93). In her affidavit, Higgs asserts that she works as a "process server and Court Officer" and that WMCS "is not in the business of offering credit to the public and has not conducted any financing for any entity or person." (*Id.* at PageID.92). Higgs further asserts that WMCS does not have "any ownership of any

---

[1] Plaintiff also cites to 15 U.S.C. § 1659, but no such statute exists.

credit obligation such as a mortgage, land contract, estate or otherwise of any person or entity including the Plaintiff and his spouse." (*Id.*).

Plaintiff has failed to respond to Defendant's motion and has, therefore, failed to refute or call into question Defendant's evidence that it is not a creditor and does not service home loans and has extended no such service to Plaintiff. Because Defendant WMCS has demonstrated that it is not subject to the TILA provision on which Plaintiff's claim is premised, the undersigned recommends that Defendant's motion for summary judgment be granted.

The undersigned recommends, in the alternative, that Defendant's motion be granted on the ground that Plaintiff has waived any opposition thereto. While Plaintiff is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009). Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to

have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 21) be granted and Plaintiff's claims against Defendant West Michigan Court Services, LLC be dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 9, 2024            /s/ Phillip J. Green
                               PHILLIP J. GREEN
                               United States Magistrate Judge