UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

A<small>DAM</small> E<small>DWARDS</small>,

    Plaintiff,

v.

R<small>ESTORED</small> H<small>OLDINGS</small>, L.L.C., et al.,

    Defendants.

_____/

Hon. Jane M. Beckering

Case No. 1:23-cv-1042

### REPORT AND RECOMMENDATION

Plaintiff has failed to comply with the Court's order to file a joint status report, pursuant to Federal Rule of Civil Procedure 26(f), and he has twice failed to appear in court as required. Having ignored previous warnings that these failures may result in a dismissal of his case, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice pursuant to Rules 16(f), 37(b)(2)(A)(v), and 41(b).

### Factual and Procedural History

Plaintiff filed this matter on October 3, 2023, claiming Restored Holdings, LLC.; Credit-R-Us, Inc.; and Regan Higgs violated the Truth in Lending Act, 15 U.S.C. § 1659. (ECF No. 1). He also filed a motion for a temporary restraining order (TRO) and an application to proceed *in forma pauperis* (IFP). (ECF No. 2, 3). The Court denied the motion for TRO but granted the application for IFP status. (ECF No. 6, 7).

On October 12, 2023, Plaintiff amended his complaint, eliminating Credit-R-Us and Regan Higgs, and adding West Michigan Court Services, LLC, as defendants. (ECF No. 10).  On November 15, 2023, the Court granted Plaintiff's request (ECF No. 12) to participate in the Court's electronic filing and service system (ECF No. 18).

On November 22, 2023, West Michigan Court Services moved to dismiss the claim against it.  (ECF No. 21, 22, 24).  The Court gave notice to Plaintiff that it was converting the motion into one for summary judgment, as the motion relied on materials outside the pleadings.  (ECF No. 33).  The Court ordered Plaintiff to respond to that motion within 28 days.  (*Id.* at PageID.106).  The Court further noted that failure to timely file a response "may result in a waiver of the issues addressed in the motion." (*Id.*).  Plaintiff failed to file a response, and, on April 9, 2024, the undersigned judicial officer recommended that the Court grant West Michigan Court Services motion.  (ECF No. 34).  The Court adopted that recommendation, granted the motion for summary judgment, and dismissed West Michigan Court Services from this action.  (ECF No. 35).

The Court set a scheduling conference for June 5, 2024, and ordered the parties to submit a joint report, pursuant to Rule 26(f), regarding a proposed discovery plan. (ECF No. 36).  The Court warned that "failure . . . to participate in submission of the joint status report or to appear or participate in the Rule 16 scheduling conference may result in the imposition of any of the sanctions allowed by Rule 16(f), **including dismissal of the action** . . . ."  (*Id.* at PageID.117) (Emphasis supplied).  No such filing was made, and Plaintiff failed to appear for the scheduling conference.

2

Accordingly, the Court issued an order requiring the parties to appear in person on June 10, 2024, to show cause why they should not be held in contempt or otherwise sanctioned for their failure to comply with the Court's orders. (ECF No. 37). Defendants' counsel appeared for the show-cause hearing; Plaintiff did not. (Minutes, ECF No. 38). Defendant's counsel advised the Court that he was unable to secure Plaintiff's cooperation in conducting a Rule 26(f) conference or in drafting a joint status report.

On June 11, 2024, the Court issued a second show-cause order requiring Plaintiff to appear in person on June 24, 2024, at 2:00 p.m. to explain why he should not be held in civil contempt or otherwise sanctioned for his failure to appear as ordered by the Court. (ECF No. 39). That order explicitly advised Plaintiff that his failure to appear at the June 24 hearing "**may result in a dismissal of his case for failure to prosecute and to comply with the Court's orders**." (*Id.* at PageID.122) (citing FED. R. CIV. P. 41(b)) (Emphasis in original).

The undersigned judicial officer opened Court at 2:16 p.m., having waited fruitlessly for Plaintiff to arrive. Defendants' counsel appeared; Plaintiff did not. (Minutes, ECF No. 40).

Analysis

Federal Rule of Civil Procedure 37(b) provides sanctions for a party's failure to obey a Court order regarding discovery, including an order under Rule 26(f). Among the sanctions available is "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Rule 16(f)(1)(A) explicitly incorporates that potential

3

sanction for a party who "fails to appear at a scheduling or other pretrial conference," which sanction may be imposed *sua sponte*.

"The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir. 1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976)). "[D]ismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness." *Bass*, 71 F.3d at 241. "A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *Id.*

Further, Rule 41(b) provides that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

The Supreme Court has held that Rule 41(b) dismissals may be effected by the Court *sua sponte*.  See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Rule 41(b) "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoted citation omitted). "A district court must be given substantial discretion in serving these tasks." *Knoll*, 176 F.3d at 363.

4

In deciding whether to dismiss this case, the Court should consider the following factors: (1) whether Plaintiff's failure to prosecute the case is due to willfulness, bad faith, or fault; (2) whether Defendant was prejudiced by Plaintiff's conduct; (3) whether Plaintiff has been warned that failure to cooperate may result in dismissal; and (4) whether less drastic sanctions were imposed or considered. *Id.* (citing *Stough v. Mayville Community School*, 138 F.3d 612, 615 (6th Cir. 1998)). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

It is evident from the facts enumerated above that Plaintiff's failure to cooperate in preparing a discovery plan and his failure to comply with repeated court orders has been willful. Moreover, Plaintiff has been repeatedly warned that these failures may result in a dismissal of his case. These warnings have gone unheeded. Given Plaintiff's utter disregard for the Court's orders to date, it is highly unlikely that lesser sanctions would prove effective.

## Conclusion

For the reasons articulated herein, the undersigned recommends that this matter be dismissed due to Plaintiff's failure to cooperate in preparing a discovery plan and for his repeated failure to comply with the Court's orders. *See* FED. R. CIV. P. 16(f), 37(b)(2)(A)(v), and 41(b).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                               Respectfully submitted,

Date: July 1, 2024                               /s/ Phillip J. Green
                                                     PHILLIP J. GREEN
                                                     United States Magistrate Judge